UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CORRE OPPORTUNITIES FUND, LP, ) <br> ZAZOVE ASSOCIATES, LLC, ) <br> DJD GROUP, LLP, ) <br> FIRST DERIVATIVE TRADERS, LP, and ) <br> KEVAN A. FIGHT, ) <br>       Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> EMMIS COMMUNICATIONS CORP., ) <br>       Defendant. ) | 1:12-cv-0491-SEB-TAB |

ORDER ON PLAINTIFFS' MOTION FOR LEAVE
TO CONDUCT NON-PARTY DISCOVERY

**I.     Introduction**

Zell Credit Opportunities Master Fund, LP is a financial institution that provided a multimillion dollar loan to Defendant Emmis Communications. The loan was allegedly used by Defendant to reacquire preferred stock and achieve two-thirds voting control in violation of federal securities law, Indiana law, and in breach of its articles of incorporation. Plaintiffs served non-party Zell with subpoenas in an attempt to discover what, if any, information Zell assimilated from Emmis in the course of approving the loan. According to Plaintiffs, Zell produced "some documents" and a Rule 30(b)(6) witness with "some of the requested knowledge" in response to the subpoenas, but withheld internal documents and other information requested by the subpoenas without objection. Accordingly, Plaintiffs seek an order compelling Zell to produce internal communications and to make a witness available for a Rule 30(b)(6)

deposition. For the reasons below, Plaintiffs' motion for leave to enforce the subpoenas [Docket No. 108] is denied.

## II.     Background

On May 14, 2012, Plaintiffs served a second amended subpoena on Zell seeking documents related to the Emmis financing and requesting a Rule 30(b)(6) deposition. [Docket No. 108 at 2.] Zell produced some documents responsive to the subpoena. [Docket No. 110-1.] On May 17, James Gilligan appeared for a deposition as Zell's Rule 30(b)(6) representative. [*Id.*] According to Plaintiffs, Zell only produced "some of the requested documents" and Gilligan only had "some of the requested knowledge." [Docket No. 108 at 2.]

On November 13, 2012, Plaintiffs re-served the subpoena on Zell. [Docket No. 108 at 2.] On November 23, Zell's counsel, Andrew Vail, emailed Plaintiffs' counsel stating that he received the subpoena and asking to touch base again after an upcoming trial in December. [Docket No. 109-2 at 7.] On December 20, Vail sent Plaintiffs' counsel an email stating that his trial had concluded and asking whether Plaintiffs' counsel would "like to touch base later today or in the near future." [*Id.*] On January 3, 2013, Vail and Plaintiffs' counsel spoke on the phone about the subpoenas, although it is unclear what was discussed. [Docket No. 110 at 1.]

On February 15, Plaintiffs' counsel sent Vail a letter outlining the documents that he wanted to be produced pursuant to the subpoenas. [Docket No. 109-1.] Also on February 15—the fact discovery deadline—Plaintiffs' counsel filed their motion seeking leave to enforce the subpoenas. [Docket Nos. 106, 108.]

**III.   Discussion**

   *A.   Local Rule 37-1*

Prior to involving the Court in any discovery dispute, Local Rule 37-1(a) requires the parties to "confer in a good faith attempt to resolve the dispute." Moreover, Local Rule 37-1(b) requires the movant to set forth "the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties." Although Plaintiffs have set forth the dates, times, and parties to some of the communications related to the subpoenas, no communications before the Court suggest that the parties conferred in a good faith attempt to resolve the dispute.

One series of communications merely involves planning a time when the parties would be available to discuss the dispute. [Docket No. 109-2 at 7.] Such preliminary conversations do not satisfy the meet and confer requirement. *See Loparex, LLC v. MPI Release Techs., LLC*, No. 1:09–CV–1411–JMS–TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011) ("[T]he local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face. An old-fashioned chat over coffee might prove especially productive."). Despite holding a telephone conference on January 3 to discuss the dispute, Plaintiffs fail to explain what transpired during the call. [*See* Docket No. 110 at 1.] For all the Court knows, the January 3 call could have simply been another attempt to schedule a time to resolve the dispute. Plaintiffs fail to provide the necessary details to the Court.

Plaintiffs also contend that Zell's attempt to confer with Plaintiffs merely consisted of offers to authenticate documents and unhelpful statements that Zell will continue to cooperate.

3

[Docket No. 110 at 2.] But Plaintiffs do not cite the Court to any of these communications or discuss the date, time, or circumstances of these discussions. [*See id.*] Thus, without providing the Court with the necessary detail, it is unfair to suggest that Zell somehow inhibited any attempts to meet and confer.

While the Court suspects that the parties met and conferred about the subpoenas prior to February 15, there is insufficient evidence or explanation before the Court to reach such a conclusion. Therefore, the Court concludes that Plaintiffs did not adequately attempt to meet and confer prior to filing their motion. Finally, the Court notes that Plaintiffs also did not contact the Magistrate Judge prior to filing a formal motion, which may have enabled the Court to expeditiously address this discovery dispute. *See* Local Rule 37-1(a) (encouraging counsel "to contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding prior to counsel filing a formal discovery motion."). These shortcomings justify denying Plaintiffs' motion for leave.

  B. *Timeliness*

In addition to Plaintiffs' failure to demonstrate adherence to the local rules, when "a party has waited to bring a motion to compel until the eve of a discovery deadline, the court is justified in denying the motion." *Everett v. Aldi, Inc.*, No. 1:07-CV-275, 2009 WL 940379, at *2 (N.D. Ind. Apr. 6, 2009). "On assessing delay of a moving party, courts usually focus on three questions: (I) how long was the delay; (ii) was there an explanation for it; and (iii) what happened during the delay." *Id.*

Plaintiffs' motion for "leave to complete certain non-party discovery" is essentially a motion to compel because it seeks an order from the Court requiring Zell to comply with the subpoenas. As discussed, the last communication before the February 15 deadline was on January 3. There is no explanation as to what transpired during the January 3 call, what happened between January 3 and the February 15 deadline, or why Plaintiffs waited until the eve of the discovery deadline to file their motion. As Defendant fittingly puts it, "plaintiffs ask for more time to finish something they started last May, resumed in November, then failed to actively pursue (despite interim contacts with and invitations from Mr. Vail) until the February 15, 2013, fact discovery cutoff literally was upon them." [Docket No. 109 at 4.] Therefore, the factors set forth above weigh against granting Plaintiffs' motion for leave, especially since the Court previously extended the discovery deadline so that the parties could complete discovery for non-parties. [*See* Docket Nos. 105, 106.]

## IV.   Conclusion

For the reasons above, Plaintiffs' motion for leave to enforce the subpoenas [Docket No. 108] is denied.

Dated: 04/10/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

David C. Campbell
BINGHAM GREENEBAUM DOLL LLP
dcampbell@bgdlegal.com

Abram B. Gregory
TAFT STETTINIUS & HOLLISTER LLP
agregory@taftlaw.com

Edward Wesley Harris III
TAFT STETTINIUS & HOLLISTER LLP
eharris@taftlaw.com

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@taftlaw.com

Daniel J. Leffell
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
dleffell@paulweiss.com

Michael R. Limrick
BINGHAM GREENEBAUM DOLL LLP
mlimrick@bgdlegal.com

Adam Offenhartz
GIBSON DUNN & CRUTCHER, LLP
aoffenhartz@gibsondunn.com

Gordon L. Pittenger
TAFT STETTINIUS & HOLLISTER LLP
gpittenger@taftlaw.com

Steven C. Shockley
TAFT STETTINIUS & HOLLISTER LLP
sshockley@taftlaw.com

James A. Strain
TAFT STETTINIUS & HOLLISTER LLP
strain@taftlaw.com

Wayne C. Turner
BINGHAM GREENEBAUM DOLL LLP
wturner@bgdlegal.com

Aric H. Wu
GIBSON DUNN & CRUTCHER LLP
awu@gibsondunn.com

Patrick Austin Ziepolt
BINGHAM GREENEBAUM DOLL LLP
pziepolt@bgdlegal.com